IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDI L. DALTON,<br><br>            Plaintiff,<br><br>v.<br><br>COMMISSIONER of SOCIAL SECURITY,<br><br>            Defendant. | Case No. 18-CV-02162-SPM |

# ORDER FOR ATTORNEY'S FEES

**McGLYNN, District Judge:**

This matter is before the Court on Plaintiff's Petition for Authorization for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 30.)

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted plaintiff's application for benefits. The fee agreement between plaintiff and her attorney (Doc. 30-2) provided for a fee of 25% of plaintiff's past-due benefits, including past-due benefits owed to eligible beneficiaries. Plaintiff and her child have been awarded past-due benefits based on plaintiff's disability record. In October 2020. the Commissioner ultimately decided that plaintiff has been disabled since March 2012. Thus, the amount of past-due benefits is considerable; 25% of the past due amounts equals $31,094.50. (Doc. 30-1.)

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such

representation except as provided in this paragraph." *Ibid*. In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $6,079.43. (Doc. 29.)

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

While the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6. The Commissioner lodged an objection based on concern about a possible windfall. (Doc. 31).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the wagered risk, the excellent result received by Plaintiff, the Court concludes that 25% of past-due benefits for plaintiff, which amounts to $21,946.50, is a reasonable fee, and not so high to be considered a windfall. However, the Court does not agree that 25% of auxiliary past-due benefits for the child is appropriate given that Plaintiff's counsel has not suggested that the award to the child was the result of any additional effort or risk. The Court reduces

the fee from 25% of auxiliary past-due benefits to 10% of those benefits, which amounts to $3,659.20. The Court notes that counsel has advised that he intends to seek fees under 42 U.S.C. § 406(a) for work performed before the agency, which is $6,079.43 that should have remained withheld under the EAJA, after the award of the 406(b) fee. (Doc. 30, p. 6.) Counsel is not allowed to recover both awards. Section 406(b) has been reconciled with the EAJA under 42 U.S.C. § 406(a) for work performed before the agency; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (EAJA awards offset awards under Section 406(b)).

Wherefore, Plaintiff's Petition for Authorization for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 30) is **GRANTED in part and DENIED in part**. The Court awards Plaintiff's counsel Frederick J. Daley, Jr**.** $25,605.70 in total. The processing center shall pay the bulk of the fee authorized by this order ($19,526.27) out of the withheld past-due benefits and shall retain the remainder ($6,079.43) pending disposition of counsel's to-be-filed petition for a fee under 42 U.S.C. § 406(a).

**IT IS SO ORDERED.**

**DATED:  September 2, 2022**

*s/ Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge